FILED
2024 Jun-25 PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit "2"

| From: | RingCentral <service@ringcentral.com> |
|---|---|
| Sent: | Friday, October 13, 2023 3:10 PM |
| To: | Muirhead, Amy |
| Subject: | Fax Message Transmission Result to +1 (877) 8916035 - Sent |

**[WARNING: EXTERNAL SENDER]**




Fax Transmission Result

Here are the results of the 4-page fax you sent from your phone number **(205) 930-5100, Ext. 3676**

| **Name** | **Phone Number** | **Date and Time** | **Result** |
|---|---|---|---|
| FOIA Request | +1 (877) 8916035 | Friday, October 13, 2023 at 3:10 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| **File Name** | **Result** |
|---|---|
| 2023.10.13- FOIA Request.pdf | Success |

View this message on your RingCentral app.

Thank you for using RingCentral!

**Work from anywhere with the RingCentral app. It's got everything you need to stay connected: team messaging, video meetings and phone - all in one app. Get started**

By subscribing to and/or using RingCentral, you acknowledge agreement to our Terms of Use.

Copyright 2023 RingCentral, Inc. All rights reserved. RingCentral and the RingCentral logo are trademarks of RingCentral, Inc., 20 Davis Drive, Belmont, CA 94002, USA.

大成 DENTONS    SIROTE

Michelle A. Levin
Shareholder

michelle.levin@dentons.com
D 256-518-3605

Dentons Sirote PC
305 Church Street SW, Suite 800
Huntsville, Alabama 35801
United States

October 13, 2023

**<u>VIA FASCIMILE</u>**

Internal Revenue Service
Central Processing Unit
Stop 93A
Post Office Box 621506
Atlanta, GA 30362-3006
FAX: 877-891-6035

**Re: Freedom of Information Act (FOIA) Document Requests**

Dear Sir/Madam:

This letter is intended to formally request, under Freedom of Information Act 5 U.S.C. § 552 ("FOIA"), and the regulations promulgated thereunder, information readily available to revenue agents and IRS Counsel, detailed below, which relates to employee retention credits created by the CARES Act.

The requested information includes, but is not limited to:

> Any and all guidance or other information provided to revenue agents and IRS Counsel by any division, employee, or contractor, of the IRS or Department of Treasury, from March 2020 to the present, which relates to examination or evaluation of returns or other documents claiming the employee retention credits found in section 3134 of the Internal Revenue Code, enacted under section 2301 of the CARES Act, Pub. L. No. 116-136, and all amended versions to the same. Not included in this request is information made available to the public online such as the internal revenue manual.

Please undertake a search "reasonably calculated to uncover all relevant documents" requested. To the extent that you claim that any of the requested documents are not "agency records" please provide a statement justifying your position that the requested documents are not agency records. *See Weisber v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *DOJ v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989) (citing S. Rep. No. 813, 89th Cong., 2d Sess., 8 (1965) and H.R. Rep. No. 1497, 89th Cong. 2d Sess., 9 (1966).

Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► EALC ► Eric Silwamba, Jalasi and Linyama ► Durham Jones & Pinegar ► LEAD Advogados ► Rattagan Macchiavello Arocena ► Jiménez de Aréchaga, Viana & Brause ► Lee International ► Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► Larrain Rencoret ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

DOCSBHM\2417591\1


To the extent you withhold any documents or materials on the grounds of a specific FOIA exemption or otherwise, please provide an index listing the documents withheld and the specific FOIA exemption pursuant to which the document is withheld. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). The IRS carries the burden to justify its withholding of any requested document. *See id.* Accordingly, please provide a detailed, nonconclusory statement to justify your claims, if any, that the requested documents are subject to FOIA exemptions.

Should you encounter issues locating a requested document, please do not hesitate to call my office to discuss the request and ways to clarify or revise the request. In the event that you encounter issues locating a requested document, I would like to request a conference call with whomever is directly handling this FOIA claim and myself, so that we can attempt to refine or alter the search parameters and/or criteria to assist you in the location of the requested documents. *See Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985); *aff'd*, 808 F.2d 137 (D.C. Cir. 1987).

To the extent you withhold any documents or materials on the grounds of a specific FOIA exemption or otherwise, please provide an index listing the documents withheld and the specific FOIA exemption pursuant to which the document is withheld. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). The IRS carries the burden to justify its withholding of any requested document. *See id.* Accordingly, please provide a detailed, nonconclusory statement to justify your claims, if any, that the requested documents are subject to FOIA exemptions.

The statement should correlate how the disclosure of the requested document would damage the interest protected by the claimed exclusion. The IRS is required to provide sufficient information so "that the requester and the trial judge [are] able to derive…a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Hinton v. DOJ*, 844 F.2d 126, 129 (3d Cir. 1988).

With respect to any document you claim is exempted from production under FOIA, consider your duty to make a partial disclosure. If the exempt portion can be reasonably segregated out of the document, then effecting a partial disclosure by redacting such exempt or excluded parts is required. *See EPA v. Mink*, 410 U.S. 73, 91 (1973). A portion can be reasonably segregated if after redaction of the exempt material, the requested document still conveys meaningful information that is not misleading. *See* I.R.M. 11.3.13.7.4 (8-14-13).

If you deny a request for any document (due to a claimed exemption), in whole, in part, or conditionally, please in addition to a detailed, nonconclusory statement justifying the denial, provide (1) the city or other location where the requested record(s) may be found, (2) the name, title, and position of the official responsible for the denial, and (3) advise where, when, and how to gain access to FOIA dispute resolution processes, and (4) where, when, and how to exercise FOIA appeal rights. *See* Treas. Reg. § 601.702(c)(9)(iv); FOIA Improvement Act of 2016, Pub. L. No. 114-185, § 2.

If you deny a request for any document (due to a claimed exemption), in whole, in part, or conditionally, please also provide an accounting of the pages and document(s) withheld. Your response should detail: (1) the total number of pages responsive to the request, (2) the number of

pages denied in full, (3) the number of pages denied in part, and (4) the number of pages granted in full. *See* I.R.M. 11.3.13.8(6) (4-19-17).

We are aware that the Internal Revenue Service has a destruction policy for documents of a certain age. Therefore, we request that appropriate measures be taken immediately to ensure that the requested documents are not destroyed before full compliance with this request.

The Internal Revenue Service is authorized to charge us for searching for the records, for reviewing the records, making any necessary deletions therefrom, and for making the requested copies, up to a maximum of $500.00 without further authorization. If the total charges estimated exceed this amount, please provide us with an estimate of the charges and seek further authorization from us. My name, address, and telephone number are as follows:

> Michelle A. Levin
> Dentons Sirote PC
> 805 Church Street SW, Suite 800
> Huntsville, Alabama 35801
> (56) 518-3605

An "other" requester is seeking this information for personal or non-commercial use.

In accordance with the provisions of IRC Sections 6103, 6302 and 7602(c), 5 U.S.C. Section 552, as amended, and 5 U.S.C. Section 552A, we anticipate receiving a reply within ***twenty (20) working days***. Should you anticipate that this request will take more than twenty days to process, please promptly provide my office with the applicable tracking number for this FOIA request. *See* OPEN Government Act, Pub. L. No. 110-175, § 7.

Please address the requested records to me at the address set forth above. If you have any questions concerning this request or require further identifying information, please contact me by telephone at the number set forth above.

<u>Kindly acknowledge receipt of this request by countersigning the enclosed copy of this letter and returning the same by facsimile to 256-518-3605</u>. Please keep me advised as to the status of the above referenced request.

Very truly yours,

\s\ Michelle A. Levin
Michelle A. Levin
Shareholder

| RECEIPT ACKNOWLEDGED: |
| --- |
| INTERNAL REVENUE SERVICE |
| BY: _____ |
| TITLE: _____ |
| DATED: _____ |