UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHELLE A. LEVIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. INTERNAL REVENUE ) <br> SERVICE, ) <br> ) <br> Defendant. ) | Case No. 5:24-cv-00582-HNJ |

## ORDER

This case proceeds pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). Plaintiff Michelle Levin, an attorney who represents taxpayers in disputes with the United States Internal Revenue Service (IRS), seeks the IRS's response to a FOIA request for guidance issued to revenue agents charged with examining claims for the Employee Retention Credit (ERC) made available through the Coronavirus Aid, Relief, and Economic Security (CARES) Act. (Doc. 7, ¶¶ 3, 22, 31).

On December 30, 2024, the parties filed a Report of Parties' Planning Meeting Pursuant to Federal Rule of Civil Procedure 26(f). (Doc. 29). The parties dispute whether discovery should take place prior to the filing of summary judgment motions.

"Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified," and an "early attempt . . . to take discovery depositions is inappropriate until the government has first had a chance to

1

provide the court with the information necessary to make a decision on the applicable exemptions." *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993). This court's local rules consistently state that, "[e]xcept as otherwise ordered by a judge of the court in a particular case, a scheduling order need not be entered in . . . Freedom of Information actions." LR 16.1(7).

Courts typically permit discovery only if the agency does not in good faith submit sufficiently detailed affidavits, or when "there is a genuine issue as to the adequacy of the agency's search, its identification and retrieval procedures, or its good/bad faith." *Tamayo v. U.S. Dep't of Just.*, 544 F. Supp. 2d 1341, 1344 (S.D. Fla. 2008). Even that limited discovery typically occurs only after the court has considered a summary judgment motion. *See id.* at 1343 (citing *Miscavige,* 2 F.3d at 369; *Florida Immigrant Advocacy Center v. National Security Agency,* 380 F. Supp. 2d 1332, 1341 n. 6 (S.D. Fla. 2005); *Murphy v. F.B.I.,* 490 F. Supp. 1134, 1136-38 (D. D.C.1980); *Simmons v. Department of Justice,* 796 F.2d 709, 711-12 (4th Cir. 1986)) ("Normally, when discovery is allowed in a FOIA action, it is deemed appropriate only after the agency has moved for summary judgment and submitted supporting affidavits or declarations.").

Plaintiff asserts her suit should not persist as a typical FOIA claim, as Defendant provided a partial response to her FOIA request only after she filed suit, and Defendant's failure to disclose the criteria it uses to evaluate ERC claims has forced "dozens" of taxpayers to file refund suits. According to Plaintiff, "[a]llowing Defendant an unlimited amount of time to respond to Plaintiff's FOIA request significantly impairs

2

efficient tax administration, which is harmful to Plaintiff, Defendant, and U.S. taxpayers generally." (Doc. 29, at 6).

However, Defendant's partial production contradicts a suggestion of bad faith, and Plaintiff has not identified any specific problems with the adequacy of the agency's search or identification and retrieval procedures.  According to Plaintiff's Amended Complaint, Plaintiff submitted a FOIA request on October 13, 2023.  (Doc. 7, ¶ 40; Doc. 7-12).  On November 6, 2023, the IRS informed Plaintiff it could not respond to her request by November 13, 2023, the statutory 20-business-day response deadline, and it would respond by December 29, 2023.  (Doc. 7, ¶ 46; Doc. 7-5).  On December 22, 2023, the IRS informed Plaintiff it would need another extension, until April 30, 2024, to respond to the FOIA request.  (Doc. 7, ¶ 47; Doc. 7-6).  On April 2, 2024, the IRS informed Plaintiff it continued to process her request, and it clarified the scope of her request.  Plaintiff responded by thanking the IRS for the clarification and for their attention to the FOIA request.  (Doc. 7, ¶ 48; Doc. 7-7).  On April 29, 2024, the IRS informed Plaintiff it expected to provide a final response to her request by May 10, 2024.  All of the IRS's letters informed Plaintiff she did not need to reply if she agreed to the proposed extension, she had no right to an administrative appeal, and she could file suit in a federal district court.  (Doc. 7, ¶ 49; Doc. 7-8).

Plaintiff filed her original Complaint in this case on May 8, 2024, and later that day, the IRS produced a partial response to Plaintiff's FOIA request.  (Doc. 7, ¶¶ 50-51; Doc. 1).  Though the IRS delayed in responding to Plaintiff's request, the IRS's

3

updates to Plaintiff suggest the delay resulted from the additional time needed to respond to the request, not from bad faith. Moreover, the record does not indicate Plaintiff objected to any of the delays prior to filing suit on May 8, 2024.

As to Plaintiff's concerns of unnecessary future delay, the court will mitigate those concerns by limiting Defendant's time for responding to her FOIA request, implementing deadlines for summary judgment briefs, and requiring status reports. Moreover, the court notes Plaintiff consented to six motions by Defendant to extend the deadline for answering the Amended Complaint between July 10, 2024, and November 8, 2024. (Docs. 8, 10, 12, 14, 16, and 19). The delay resulting from following the typical procedure for FOIA actions likely will not exceed the pleading delays to which Plaintiff consented.

For these reasons, the court **DENIES** Plaintiff's present request to conduct discovery. Rather, the court **ORDERS** Defendant to release any additional non-exempt records responsive to Plaintiff's FOIA request by **February 1, 2025**. Within twenty-one (21) days of Defendant's production, the parties must meet and confer to discuss and attempt to resolve any challenges to any claimed FOIA exemptions. Within fourteen (14) days of that meeting, the parties must file a status report.

**DONE** and **ORDERED** this 6th day of January, 2025.

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE